Sidney Squire, J.
The defendant moves pursuant to rule 112 of the Rules of Civil Practice and rule 19 of the Rules of this court for an order dismissing the claim (pleading) herein “ on the ground that this court does not have jurisdiction of the subject matter of this claim.” The claimant opposes.
The attacked pleading alleges that, “ 3. This claim is based upon the wrongful arrest, detention, indictment, trial, conviction, and erroneous sentencing and confinement of the claimant by the defendant, its agents, servants and employees which resulted in grievous and severe personal injuries and personal damages to the claimant.” These are conclusions.
For over two typewritten pages, paragraph 4 contains a chronology of alleged events from claimant’s arrest “in or about early February 1933 ” through his indictment for manslaughter in the first degree on June 28, 1933, his trial before a Judge of the Court of General Sessions and a jury resulting-in conviction, the sentence on November 13, 1933 to serve 15 to 30 years in State prison, incarceration in Sing- Sing Prison, an appeal (dismissed for lack of prosecution) from the judgment of conviction, the motion made October 10, 1934 for a new trial predicated on newly discovered evidence, the death of the Trial Judge prior to argument of said motion, the subsequent argument before another Judge, the pleader’s argumentative and subjunctive reasoning re an affidavit made by the trial Assistant *819 District Attorney in opposition to the denied motion, claimant’s release from prison on October 4, 1944 to continue on parole until 1963, the coram nobis motion to vacate (the judgment of conviction) which was denied on June 18, 1956 and affirmed by the Appellate Division, First Department (4 A D 2d 1011), but thereafter reversed by the Court of Appeals on May 16, 1958 (4NT 2d 943) and the motion remitted to said Court of General Sessions where hearings were held, resulting in an order on October 22,1958 granting the coram nobis motion and vacating the judgment of conviction; the nonappeal by the District Attorney and finally the dismissal on December 24, 1958 of the 1933 indictment, ‘1 with the recorded consent of the District Attorney
The pleading avers a great deal of matters which are not “ ultimate facts Said claim includes hypothetical statements and is permeated with redundancy. It is replete with superfluous conclusions and omits the essence of a valid claim. Indeed, it is extremely difficult to ascertain therefrom the gravamen of the alleged cause or causes of action. The claim fractures too many of our statutes prescribing the fundamental elements of a pleading.
The claimant may well have a cause of action against the State. Sympathetically, we say that he should have. Legally, we must rule that according to law he has not pleaded a “ good ” cause of action. The claim does not state facts sufficient to con-, stitute a cause of action. The motion to dismiss the pleading is granted, with leave to claimant to serve an amended pleading.
As a matter of law, on this motion we have considered only the pleading and the notice of motion. However, as a practical matter both sides freely informed the court during oral argument that enabling legislation was pending before our State Legislature and that one of its houses had passed a pertinent bill last week. To become a law it must be passed by the other house and signed by the Governor.
On this motion, at this juncture of the case we cannot and do not refer to or utilize said bill which may cure the infirmities of the pleading sub judice. We do not determine in advance that such enabling legislation would create a valid cause of action for Mr. Fisher.
Normally, we would direct that an amended pleading be served within 20 days. However, the exigencies of the present situation require us to take cognizance of the anticipated successive periods of the present legislative session and the subsequent “ 30 days ” for the Governor to pass on bills.
*820 Accordingly, the short-form order signed herewith directs that the verified amended pleading be served and filed on or before May 17,1960.